UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY EPPERSON,

          Petitioner,

-vs-                                          Case No.  8:09-cv-826-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____/

## ORDER

This cause is before the Court on the Florida Parole Commission 's("Commission"), Motion To Intervene and Motion To Dismiss Petitioner Epperson's Petition for Writ of Habeas Corpus.

MOTION TO INTERVENE

1. The Florida Department of Corrections ("Department") informed the Parole Commission of the existence of the instant case, and a review of the habeas corpus petition herein demonstrated that the Petitioner was/is challenging actions of the Florida Parole Commission.

2. The Department and the Commission are separate agencies with separate functions. See Section 944.275(2)(a), and (3)(a), Fla. Stat.; see also Gay v. Singletary, 700 So.2d 1220,1221 (Fla. 1997); *Schmidt v. Crusoe*, 878 So.2d 361 (Fla. 2004).

3. Inasmuch as the Petitioner is challenging actions of the Florida Parole Commission, under Florida Statutory authority, § 947.1405, Fla. Stat., the Parole Commission is the proper party to respond to the allegations of the Petition.

4. The Parole Commission is an indispensable party under Fed. R. Civ. P. 24(a).

FACTS AND PROCEDURAL HISTORY

1. On September 22,1994, Petitioner was convicted in Pinellas County in the following cases:

| Case No. CRC94-7106CFANO - | Burglary-15 yrs in prison<br>Grand Theft- 10 yrs in prison<br>2 Counts of Aggravated Assault -10 yrs in prison<br>Resisting Arrest w/o Violence - time served<br>Adjudicated a Habitual Felony Offender. |
|---|---|
| Case No. CRC94-08375CFANO- | 2 counts of Burglary- 15 yrs in prison<br>Uttering a Check w/ Forged Endorsement - 10 yrs<br>Grand Theft-10 yrs<br>Dealing in Stolen Property -15 yrs<br>Adjudicated a Habitual Felony Offender. |
| Case No. CRC94-09704CFANO- | Burglary - 15 yrs<br>Grand Theft -10 yrs<br>Adjudicated a Habitual Felony Offender. |

All convictions to be served concurrently. (Exhibit A)

2. On June 15, 2003, Petitioner completed the incarcerative portion of his sentences and was released from prison to Conditional Release supervision, subject to conditions until May 21, 2009. Petitioner accepted the terms and conditions by his signature on June 15, 2003 and again on August 7,2003. (Exhibit B)

3. On May 20, 2005, a Warrant for Retaking Conditional Releasee was issued alleging Petitioner had violated Condition 4(b) of his supervision by using or possessing narcotics, drugs or marijuana unless prescribed by a physician, in that on or about May 10, 2005, he did use and/or possess cocaine, not prescribed by a physician. Petitioner waived his right to a final hearing and was found guilty of the violation and revoked by Commission Order dated August 17,2005, effective June 28,2005. (Exhibit C)

4. Petitioner was released a second time to conditional release supervision on December 1,2008 subject to the terms and conditions until June 4, 2011. Petitioner again accepted the terms and conditions by his signature on that date. (Exhibit D)

5. A second Warrant for Retaking Conditional Releasee was issued on February 25, 2009 alleging that Petitioner violated Special Condition 19 which states, "During your first year of your supervision, you shall have a mandatory curfew where you shall be confined to your residence during the hours from 10:00 pm to 6:00 am, except for work, treatment needs and religious and educational activities as verified and approved by your Conditional Release Supervisor," in that on February 20, 2009 at approximately 11:26 pm, he was not confined to his approved residence. A final revocation hearing was held on April 14, 2009 and the Hearing Examiner found Petitioner guilty of willfully and substantially violating a condition of supervision based on Officer New's testimony. The Hearing Examiner recommended reinstatement to supervision. By Order dated June 3, 2009 the Commission restored Petitioner to Conditional Release with an Amended Certificate. (Exhibit E)

6. Petitioner was reinstated on Conditional Release Supervision on June 4, 2009 subject to the terms and conditions until June 14, 2011. Petitioner accepted the said terms and conditions by his signature on same date. (Exhibit F)

7. On or about May 1, 2009, Petitioner filed his Petition for Writ of Habeas in this Court. The Commission was not made a party to this action.

## AVAILABILITY OF TRANSCRIPTS

The Parole Commission states that no evidentiary hearings were held in state court regarding this matter and that no transcripts are available. A conditional release revocation hearing was held. A written summary of the revocation hearing is available. *See Glumb v.*

*Honsted.* 891 F.2d 872 (11th Cir. 1990) (the hearing summary provides a sufficient record for review).

## TIMELINESS

The Petition appears to be timely under 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Commission action giving rise to the challenge occurred on June 4, 2009 when the Petitioner was reinstated on conditional release supervision with the same condition of which he argues against.

## EXHAUSTION OF STATE REMEDIES

It appears that the Petitioner may have exhausted his State remedies under 28 U.S.C. § 2254. The proper action to challenge the administrative decisions of the Commission was to file a petition for writ of habeas corpus in the State Circuit Court. *Sheley v. Florida Parole Commission*, 703 So.2d 1202 (Fla. 1st DCA 1997)(En Banc), *affirmed, Sheley v. Florida Parole Commission*, 720 So.2d 216 (Fla. 1998); § 79.09, Fla. Stat. (2006). An appeal from that decision would then properly flow to the appropriate State District Court of Appeal. *Sheley, supra*. If there is a per curiam decision of the State District Court of Appeal, the decision was not appealable further. *Stallworth v. Moore*, 827 So.2d 974 (Fla. 2002).

The Petitioner states he has exhausted by filing a Petition for Writ of Habeas Corpus in the District Court of Appeal, Case No. 2D09-1443. (Doc. No. 1, p.3) This case was denied without further opinion. However, because the Commission was not a party to this action and was never served with the Petition, the Commission cannot state definitely whether the claims Petitioner raises in the present federal petition were raised or not in the State District Court petition. Furthermore, the filing does not comply with State procedure

as the Petitioner filed in the District Court of Appeals instead of beginning his filing in the Circuit Court.

THE COMMISSION'S ALLEGATIONS IN ITS MOTION TO DISMISS

The Commission asserts that the Petitioner's claims are state law claims only and are, therefore not cognizable in Federal Court. Furthermore, without an opinion, the Petitioner would not be able to show or establish how the State Court opinion was contrary to Federal law or was an unreasonable determination of the facts.

Since this Petition was filed after April 24, 1996, the case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001).Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication either resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States, or the decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Prince v. Vincent*, 538 U.S. 634,123 S.Ct. 1848,1852-53,155 L.Ed.2d 877 (2003); *Clark v. Crosby*, 335 F.3d 1303,1308 (11th Cir. 2003); *Harrell v. Butterworth*, 251 F.3d 926,930 (11th Cir. 2001).

This Court must also presume that the State court's decision is correct and the Petitioner bears the burden of rebutting that presumption of correctness. 28 U.S.C. § 2254(e)(l). Without a State Court opinion, the Petitioner can not meet his burden.

DISCUSSION

Petitioner has not raised any issues of federal constitutional dimension. Petitioner's

challenges involving the discretion of the Commission in setting terms of his conditional release supervision is a matter of State law only. The purpose of a federal habeas proceeding is to review the lawfulness of a petitioner's custody to determine whether the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The Supreme Court has held that federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62,67-68 (1991) (holding that"... it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

The Eleventh Circuit Court of Appeals has held that questions of pure state law do not provide a basis of constitutional dimension for federal habeas corpus purposes, and that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief where no question of a constitutional nature is involved. *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983); *see also Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (11th Cir. 1982) (holding that questions of state law cannot be raised on federal habeas corpus); Rule 1, Rules Governing Section 2254 Cases in the United States District Courts.

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. *See Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *see also Krasnow v. Navarre*, 909 F.2d 451, 452 (11th Cir. 1990); *Garcia v. Perringer*, 878 F.2d 360, 361-62 (11th Cir. 1989); *Branan v. Booth*, 861 F.2d 1507,1508 (11th Cir. 1988). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.*" McCullough v. Singletary*, 967 F.2d 530,535 (11th Cir. 1992) (citation omitted) (holding that

no federal constitutional issues involved in claim that state law was violated by improperly using prior juvenile convictions during sentencing - hence no basis for habeas relief), *cert. denied*, 507 U.S. 975, *reh'g denied*, 507 U.S. 1046 (1993); *see also White v.* Singletary,70 F.3d 1198,1201 (11th Cir.), *cert. denied*, 516 U.S. 1018 (1995) (holding that claims predicated on state trial court's denial of petitioner's request for grand jury transcripts, in camera review of those transcripts, and names of grand jurors, and claim based on court's refusal to review exculpatory evidence, truly raise issues of state law and, thus, do not present question for federal court on habeas review); *Williams v. Turpin*, 87 F.3d 1204, 1206 n. 1 (11th Cir. 1996) (court refused to review claims of improper jury instructions and improper sentencing verdict format under Georgia law, because a federal habeas court cannot review perceived errors of state law).

State courts constitute the final arbiters of state law. *Agan v. Vaughn*, 119 F.3d 1538,1549 (11th Cir. 1997), *cert. denied*, 523 U.S. 1023 (1998); *McCullough*, 967 F.2d at 535. The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. *McCoy v. Newsome*, 953 F.2d 1252,1264 (11th Cir.)(per curiam), *cert. denied*, 504 U.S. 944 (1992).

For example, in the area of state sentencing guidelines, the Eleventh Circuit held that federal courts may not review a state's alleged failure to adhere to its own sentencing procedures. *Branan*, 861 F.2d at 1508. In *Branan*. although the petitioner alleged violations of federal law, the Court determined that the petition was based exclusively on state law issues, which were merely "couched in terms of equal protection and due process." *Id.* (Citation omitted).

In *Simpson v. Florida Parole Commission*, Case No. 8:04-cv-1808-T-17EAJ (M.D.Fla. April 10, 2006) the United States District Court for the Middle District of Florida held that a Petitioner's claim that the revocation of his release was a state law claim and not reviewable under Federal habeas review, even though the Petitioner claimed a due process violation. Specifically, the Court stated:

> A review of the proceedings below shows no error. Petitioner's claim constitutes a challenge to the authority of the Parole Commission as exercised in revoking his Conditional Release supervision after a hearing, where the Hearing Examiner made evidentiary and factual determinations. See § § 947.1405 and 947.141, Fla. Stat. (2003). The petition presents issues of state law and procedure, which are not cognizable on federal habeas corpus review.

In *Ellard v. Florida Parole Commission*, Case No. 8:05-cv-316-T-17MAP (M.D. Fla. October 20, 2006) the Court reviewed challenges the Petitioner made to discretionary decisions of the Commission in his conditional release:

> Petitioner Ellard's arguments, while couched in terms of constitutional violations, raise only state law issues, not federal or constitutional questions. The revocation hearing and all the notices, rights and processes the Parole Commission affords a releasee are entirely guided by state law.

The United States District Court for the Middle District of Florida recently reviewed another conditional release challenge in *Funk v. Florida Parole Commission*, Case No. 8:07-cv-2329-T-30EAJ (M.D. Fla. February 18, 2009). In *Funk* the court found that only in state law is it required that there be a finding that the violation of conditional release be willful and substantial. Id. This finding was not required by the minimal rights of due process under federal law expressed in *Morrissey v. Brewer*, 408 U.S. 471 (1972). *Id.*

Likewise, in the present case, only in State law are the terms and conditions of conditional release supervision set. This procedure is not set out or required by Federal law. Epperson presents only state law and procedural issues. He challenges the

interpretation and application of the state's own statutory laws. Therefore, this petition should be denied for a lack of federal jurisdiction. *See also Johnson v. David*, Case No. 8:05-cv- 139-T-17TBM (M.D. Fla. November 29, 2006).

## CLAIMS HAVE NO MERIT

The petition is without merit. Petitioner argues that subjecting him to a curfew condition of supervision violates the ex post facto clause of the United States Constitution and his due process rights. (Doc. No. 1, p.6)

To violate the Ex Post Facto Clause, the state must inflict "a greater punishment, than the law annexed to the crime, when committed." *Lynce v. Mathis*, 519 U.S. 443 (1997)(quoting *Calder v. Bull*, 3 Dall. 386, 390, 1 L. Ed. 648 (1798)). An ex post facto law must (1) "apply to events occurring before its enactment" and (2) "disadvantage the offender affected by it" by "altering the definition of criminal conduct or increasing the punishment for the crime." *Id.*, 519 U.S. at 441, 117 S.Ct. at 896 (quoting *Collins v. Youngblood*, 497 U.S. 37,50, 110 S.Ct. 2715, 2723, 111 L. Ed.2d 30 (1990)).

Petitioner committed his crime in May 1994. At the time Petitioner committed his crime in 1994, the Commission maintained the discretion under Florida Statute § § 947.1405(2) and (6), Fla. Stat. (Supp. 1992), to set the terms and conditions of release. Florida Statute § 947.1405(2)(Supp. 1992), provided that eligible inmates must "be released under supervision subject to specified terms and conditions" and "a panel of no fewer than two commissioners shall establish the terms and conditions of any such release." Florida Statute § 947.1405(6) (Supp. 1992) further provided:

> Upon receipt of notice as required under s. 947.175, the commission shall conduct a review of the inmate's record for the purpose of establishing the terms and conditions of the conditional release. **The commission may impose any special conditions it considers warranted from its review**

> **of the record.** If the commission determines that the inmate is eligible for release under this section, the commission shall enter an order establishing the length of supervision and the conditions attendant thereto. However, an inmate who has been convicted of a violation of chapter 794 is subject to the maximum level of supervision provided, and that supervision shall continue through the end of the releasee's original court-imposed sentence. The length of supervision must not exceed the maximum penalty imposed by the court.

(emphasis added) Thus, at the time Petitioner committed his conditional-release eligible crime in 1994, the Commission maintained the discretion under Florida Statute § § 947.1405(2) and (6) to set the terms and conditions of release.

The subsequent addition of subsection 7 to Florida Statute § 947.1405 made certain conditions mandatory for sexual offenders, but did not divest the Commission of its discretionary authority to impose any conditions it believed warranted from a review of the record. The Parole Commission is not retroactively applying § 947.1405(7) to Petitioner to impose special conditions on him as part of his conditional release supervision and his punishment is not increased beyond that in the effect at the time he committed his offense. Therefore, there is not an Ex Post Facto violation in the present case.

The Commission promulgated rules with standard conditions and maintained the discretion to impose additional conditions if deemed warranted. In 1991, the Commission adopted Florida Administrative Rule 23-23.010, which provided for 11 standard conditions of conditional release supervision to be applied to all conditional release eligible offenders. See Fla. Admin. Code R. 23-23.010(4). In addition, Fla. Admin. Code R. 23-23.010(4)(b) provided, as enacted in 1991, provided as follows:

> hi addition to these standard conditions, the Commission shall require such special conditions of conditional release supervision as it deems necessary, which may include restitution.

The Florida First District Court of Appeal recently rejected a claim like the

Petitioner's in *Grace v. Florida Parole Commission*, 33 Fla.L.Weekly D1764a (Fla. 1st DCA July 11, 2008). The Court upheld the Commission's discretion to place any special conditions on the conditional releasee under Sec. 947.1405(6) that it deems warranted.

The plain language of section 947.1405(6), Fla. Stat. (Supp. 1988 - 2005), constitutes support for the Commission's position and interpretation of its authority. Courts have no authority to change the plain meaning of a clear and unambiguous statute. *State v. Barnes*, 595 So.2d 22 (Fla. 1992). A court must interpret and construe a statute according to the precise language adopted by the legislature. *Florida Gulf Health Systems Agency. Inc. v. Commission on Ethics*, 354 So.2d 932 (Fla. 2d DCA 1978).

Based on the foregoing, the Commission validly imposed the special condition of a curfew on Petitioner. The Petitioner's rights to be free from an ex post facto application of the law were not violated by the imposition of these special conditions. Further, since the application of the condition was in compliance with Florida law, there was no due process violation.

## CONCLUSION

Since the claims of the Petitioner raise only challenges to State law and procedure, this petition must be dismissed as not reviewable under federal habeas review. In the Alternative, Petitioner's claims are without merit. There was no retroactive application of a law that increased the Petitioner's punishment and the use of the Commission's discretion in imposing a curfew was in compliance with Florida law.

Accordingly, the Court orders:

1. That the Florida Parole Commission's motion to intervene is granted.

2. That Petitioner's motion for miscellaneous relief, specifically for the Florida Parole

Commission to provide documents (Doc. No. 15) is denied.

3. The Clerk is directed to enter judgment against Petitioner and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 14, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Rodney C. Epperson